UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF OKLAHOMA

TULSA DIVISION

| | | |
|---|---|---|
| 1. THOMAS TACKETT | § | CAUSE NO. 12-CV-179-GKF-TLW |
| Plaintiff, | § | |
| v. | § | |
| 2. M.A.R.S. COLLECTION AGENCY, INC. | § | |
| Defendant. | § | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Thomas Tackett, through her attorneys, Kim Lucas, Kyle Mathis & Lucas LLP, alleges the following against M.A.R.S. Collection Agency, Inc.

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which state that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

4. Defendant conducts business in the state of Oklahoma and thereof, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff, Thomas Tackett is a natural person residing Tulsa County, in the state of Oklahoma.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is an alleged debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national debt service and collection company with its principal office Burlington County at 5810 E Skelly Dr., Suite 200, Tulsa, Oklahoma 74145. Defendant is in the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Upon information and belief, Defendant is attempting to collect from Plaintiff an alleged debt owed for a personal loan.

11. Defendant placed calls to Plaintiff and placing collection calls to Plaintiff in January of 2010.

12. Upon information and belief, Defendant mislead Plaintiff through false or at the very least misrepresentative statements, threatening that it would garnish his

wages, when it does not have the requisite legal standing to sue Plaintiff in order to obtain a judgment from which it could try to seek court approval for wage garnishment.

13. Upon information and belief, Defendant cannot attempt to garnish Plaintiff's wages only the creditor can.

14. Upon information and belief, Defendant made offensive comments to Thomas, stating that both he and his wife should not be reproducing children; as though the world would be better off without them doing so.

15. As a result of the acts alleged above, Thomas suffered emotional distress resulting in him feeling stressed and angered.

16. Defendant violated FDCPA based on the following:

    a. Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

    c. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass the Plaintiff.

    d. Defendant violated *§1692e(5)* of the FDCPA by threatening legal action against Plaintiff even though such action is not intended to be taken.

e. Defendant violated §1692e of the FDCPA by using deceptive means in an attempt to collect a debt by disclosing details of Plaintiff's alleged debt to a third party.

f. Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

g. Defendant violated §1692e(2)(B) of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and;

h. Defendant violated §1692e(4) of the FDCPA by giving the representation or implication that nonpayment of any debt will result in the garnishment of the wages of Plaintiff, without intending to take said action.

WHEREFORE, Plaintiff Thomas Tackett respectfully requests judgment be entered against Defendant, M.A.R.S. Collection Agency, Inc. for the following:

a. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15U.S.C. 1692k*,

c. Any other relief that his Honorable Court deems appropriate.

Respectfully submitted,

By /s/ Kim A. Lucas
Kim A. Lucas
State Bar No. 22812
KYLE MATHIS & LUCAS LLP
8226 Douglas Avenue, Suite 450
Dallas, Oklahoma 75225
(214) 706-7600
(214) 706-7622 (Fax)

ATTORNEY FOR PLAINTIFF
THOMAS TACKETT

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff Thomas Tackett, demands a jury trial in this case.